# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

611

CAF 10-02034

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

IN THE MATTER OF SAMED S., MAURICE R., MALIK S.,
JOSEFT A., FRANSHESKA D., AMAURI R., AND
ADELL H.-S.
------------------------------------------------- MEMORANDUM AND ORDER
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

SALEH A., RESPONDENT-APPELLANT,
AND BRAUNA S., RESPONDENT.

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

SHEILA SULLIVAN DICKINSON, ATTORNEY FOR THE CHILDREN, BUFFALO, FOR
SAMED S., MAURICE R., MALIK S., JOSEFT A., AMAURI R., AND ADELL H.-S.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR
FRANSHESKA D.

-------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered September 10, 2010 in a proceeding pursuant to
Family Court Act article 10.  The order adjudicated the subject
children to be neglected and abused.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order adjudging
several children under his care and control to be neglected and
abused.  Prior to the hearing on the issue whether the father was "a
person legally responsible" pursuant to Family Court Act § 1012 (g),
the father had pleaded guilty to sexually abusing one child
(hereafter, victim) and was sentenced to a term of incarceration.  We
reject the father's contention that the petition should have been
dismissed because he pleaded guilty to a count in the indictment that
alleged sexual contact in December 2004, not July 2006, as alleged in
the Family Court petition.  The proof adduced at the hearing on the
issue whether the father was a "person legally responsible"
established that the sexual contact occurred in December 2004.  Thus,
inasmuch as the proof does not conform to the allegations of the
petition, the court may amend the allegations to conform to the proof
(*see* § 1051 [b]), and the petition is not subject to dismissal on that

ground.  We have considered the father's remaining contentions and conclude that they are without merit.